UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTOPHER D. COLLINS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-478

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and Child Disability Benefits ("CDB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed an application for SSI on January 29, 2013 and an application for CDB on February 14, 2013 alleging disability as of May 1, 1999 -- then 7 years old -- who is now 26 years old. PageID 257-62, 263-76. Plaintiff alleges disability as a result of a number of alleged impairments including, *inter alia*, attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, anxiety, and a history of polysubstance abuse. PageID 44.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of Plaintiff's application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on July 22, 2015. PageID 64-92. The ALJ issued a decision on August 19, 2015 finding Plaintiff not disabled. PageID 42-56. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to specific non-exertional limitations,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 47-56.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 30-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 42-56), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

---

[3] The ALJ found the Plaintiff: "(1) limited to performing unskilled, simple, repetitive tasks; (2) occasional contact with co-workers and supervisors; (3) no public contact; (4) no teamwork or tandem tasks; (5) no close over the shoulder supervision; (6) no fast paced production work or jobs involving strict production quotes; and (7) limited to performing jobs in a relatively static work environment in which there is very little, if any, change in the job duties of the work routine from one day to the next." PageID 47-48.

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, including SSI or CDB/DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

3

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In Plaintiff's Statement of Errors, Plaintiff alleges the ALJ erred by: (1) improperly evaluating Plaintiff's mental impairments under Listing § 12.05(C) and (2) improperly relying on Vocational Expert ("VE") Charlotta Ewers's testimony. Doc. 9 at PageID 1036-42.

**A.     Listing § 12.05(C)**

Plaintiff first argues that the ALJ erred in concluding that Plaintiff's impairments do not meet or medically equal Listing § 12.05(C) at Step Three. Doc. 6 at PageID 963.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).

Plaintiff has the burden of proving that Plaintiff meets or equals all of the criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). To demonstrate disability under Listing § 12.05(C), Plaintiff must establish: "(1) significantly subaverage general intellectual functioning with deficits in adaptive functioning[4] initially manifested before age 22; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Golden v. Comm'r of Soc. Sec.*, 591 F. App'x 505 (6th Cir. 2015) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)).

Here, in finding that Plaintiff did not meet or equal the requirements of Listing § 12.05(C), the ALJ noted that Plaintiff's full scale IQ of 69 in February 2005 and 65 in July 2013 met one of the requirements of the Listing, but concluded that Plaintiff's academic history and adaptive skills did not meet or equal the Listing requirements. PageID 47. The ALJ cited Plaintiff's school records showing that, in high school, Plaintiff performed at an average "C" level in Basic Algebra, Geometry, and English. PageID 47, 332. The ALJ also reasonably concluded that the evidence as a whole does not demonstrate deficits in adaptive functioning consistent with Listing-level intellectual disability. PageID 47. In this regard, the ALJ found Plaintiff failed to meet or equal the Listing criteria because Plaintiff is capable of using a computer for Facebook, plays Bingo, uses public transportation, goes to the library, and reads both newspapers and the Bible. PageID 47, 687-89. The ALJ also pointed to the fact that Plaintiff testified to occasionally "[doing] shows at a local bar" in finding that Plaintiff's adaptive functioning skills did not meet or equal the Listing requirements. PageID 46.

---

[4] While Listing § 12.05 does not define "adaptive functioning," another portion of the Listings defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1).

Based on the foregoing, Plaintiff's alleged error regarding Listing § 12.05(C) is without merit and should be overruled.

### B. Vocational Expert

At Step Five, the ALJ must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted). "This kind of 'substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id*. (internal citation omitted). In formulating the hypothetical question, the ALJ need incorporate only those limitations accepted as credible. *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The undersigned finds that the limitations set forth by the ALJ in the hypothetical question to the VE (and the ALJ's resulting RFC) are supported by substantial evidence. PageID 47-56, 86-90. Accordingly, the Court overrules Plaintiff's second alleged error.

### IV.

For the foregoing reasons, the Court finds Plaintiff's two assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   January 10, 2018                              s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).